In the Matter of DANIEL COOK, an Attorney, Respondent.

First Department, July 3, 1934.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Theodore Kiendl* of counsel [*Edwin F. Blair, L. Ray Glass* and *Frederick G. Watson* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed*, attorneys], for the respondent.

GLENNON, J. This is a disciplinary proceeding instituted by the Association of the Bar of the City of New York against the respondent pursuant to a complaint made by Miss Minna F. Kassner, an attorney.

The charge against the respondent may be summarized as follows: " It is charged that the respondent has been guilty of professional misconduct in that he obtained from Miss Kassner the sum of $400 by inducing her to believe and upon the representation that $100 thereof was to be used to place a headstone on the grave of Mr. DeRuyter, and that upon receipt of the money, he repudiated his agreement and did nothing whatever to insure the erection of the headstone, and divided the money received equally between himself and his client."

The respondent in his answer denied that he was guilty of any professional misconduct. He set forth in substance that whatever

discussions he may have had with relation to the use of the sum of $100 for the purpose of erecting a headstone, in preliminary negotiations, he told the complainant, prior to the actual payment of the sum of $400 in settlement, that his client refused to pay for the erection of the headstone.

The referee filed a report in which he finds that the charges against the respondent have been fully sustained by the evidence. We have reached a different conclusion.

The record indicates that the respondent was admitted to the bar in June, 1926, and has been practicing continuously since that time. Prior to the institution of this proceeding it does not appear that he had ever been charged with professional misconduct. He seems to have borne an excellent reputation, as is evidenced by the character testimony offered in his behalf.

The petitioner's case was based solely on the testimony of the complainant and letters and other documents involved in the transaction. The respondent gave testimony in his own behalf. He was corroborated in part by the testimony of his secretary who overheard telephone conversations between the complainant and respondent on September eighth and seventeenth. On the former date he informed complainant that his client refused to be obligated to erect a headstone, and for that reason he could not " enter into any such agreement upon my client's behalf." The respondent's version as to what took place immediately prior to the final settlement of the controversy may be gleaned from his testimony which is as follows: " A. The final basis of the settlement effected by Miss Kassner and myself was that my client was to surrender her entire claim in the estate of Jilles De Ruyter, her entire claim against Marie West Doorp, her claim for expenses incurred, for the sum of $400."

On September 17, 1932, the complainant and respondent met at the Seaman's Bank. The complainant delivered to the respondent the sum of $400 in cash and received from him a general release executed by his client. In the afternoon of that day, Miss Kassner, after returning to her office, spoke to the respondent over the telephone. In substance she claims that she told him that she suspected, in view of something he had said to her after leaving the bank, that he did not intend to see that the sum of $100 was to be applied for the erection of a tombstone, and that she would hold him as a trustee to see her idea of the agreement was carried out. Respondent, on the other hand, contends that the complainant in her telephone conversation said: " Mr. Cook, I have reconsidered the matter. I think you ought to set apart the sum of $100 for a tombstone."

It may be that the complainant, who was not sure as to whether she was admitted to the bar in 1929 or 1930, may have misunderstood the telephone conversation. It is quite apparent that she did not fully comprehend the final terms of settlement, if she believed that respondent was going to compel his client to erect a headstone.

Suffice it to say, that the record in this case does not clearly indicate that the respondent has been guilty of professional misconduct.

In *Matter of De Millo* (241 App. Div. 8) Presiding Justice FINCH said: "This whole charge is so interwoven with this issue of payment between the parties that, in the absence of a determination thereof, we cannot sustain this charge, particularly when the charge does not in any way involve the relationship of attorney and client and concerns alleged unfairness to a defendant whose animus is stirred because he believes that the respondent orally agreed he would take no further action upon the service of a summons (which is denied by respondent), but instead entered a default judgment and obtained an injunction tying up the bank account of the complaining witness. The proceeding should be dismissed."

The evidence is insufficient to sustain the charge and the proceeding should be dismissed.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Proceeding dismissed.